Clerk, call the next case please. 313-0103, People of the State of Illinois, Appellee by Thierry Benitevec v. Samuel Woods, appellant by Jeffrey Svela. Mr. Svela, good afternoon. May it please the Court, Counsel. My name is Jeff Svela from the Office of the State Appellate Defender, and I represent the petitioner here, Samuel Woods. This Court should vacate the extended portion of Mr. Woods' sentence for aggravated robbery because that part of his sentence is not authorized by statute and is therefore void. The statute in question is Section 111-3C5, which here barred the Circuit Court from imposing an extended sentence because the State did not plead and did not prove, as a factual matter, that the conduct underlying that offense was unrelated to the conduct underlying the greater offense of Class X home invasion. You know, in this argument, you're attacking the indictment, right? I'm sorry? You're attacking the charge. I'm attacking, I'm saying, Your Honor, my basic position is that the extended portion of the Class I sentence is void because the Court lacked statutory authority under Section 5-82 and Section 111-3C5 to impose an extended term because the State did not comport with its pleading and proof requirements under 111-3C5. In other words, it did not include a fact in the indictment. The conduct constituting the aggravated robbery was unrelated to the... I understand your question, I think, now, and yes, in part. 111-3C5, the notice requirement is typically satisfied through the indictment or information. It also, of course, requires, that's the pleading requirement, it also has a proof requirement. The State was required to prove, to vest the Court with the discretion to impose an extended sentence. The State was required to plead and prove beyond reasonable doubt to the trier fact that the conduct was unrelated pursuant to people against Bell, which is our Supreme Court's case. Isn't your pleading problem with the indictment sort of difficult at this juncture because this is the first time this was raised until the appeal? No, Your Honor. For 20 years or so, our Supreme Court has held that a sentence that does not comport with statutory requirements... A sentence that doesn't comport, but you're really attacking the indictment and there's case law that say that if the indictment... then you have to show some prejudice on the facts. What was your prejudice? This issue is not amenable to harmless error or plain error analysis because it's not a constitutional issue. This is not an Apprendi issue. It's not a Sixth Amendment issue. It's a simple question under ARNA or that line of cases about the statute being authorized or the sentence being authorized. There's a case from 2014, People v. Mimes, for example, that said because the defendant challenged the indictment for the first time on appeal, the State failed to strictly comply with 3C5. That's the one you're talking about. It's not dispositive. Instead, the dispositive issue is whether the defendant was prejudiced in the preparation of defense. I think the better authority, Your Honor, is our Supreme Court's decision in Thompson from 2004. There, the lower extended sentence was a Class 4, and the statutory range for a 4, of course, is 1-3 years. Here, a Class 1 is 4-15 years, and the defendant received an extended sentence that went beyond the 3-year requirement, and our Supreme Court vacated the part of the sentence that went beyond 3 years. See, there's a little difference between the kind of case you're talking about and this case when really the defect is the indictment on the fact. No, it's not. There's no defective indictment here. We're not alleging that, and we're not challenging the Class X sentence. So yours are sort of indirectly challenging? No, no, Your Honor. Mimes is, if I, this is not in the briefs, but I believe that falls under the line of cases most recently decided by our Supreme Court easily, where, for instance, there, you know, and again, this is not in the briefs, in the UW felon context, right, the state is seeking a Class 2 sentence instead of a Class 3. There was a question there recently in Easley about whether there's no disrequirement, and if so, what the court has discretion or does not have discretion to do with sentencing. This is a simple ARNA case. It's just a question about the basic rule, Your Honors, ever since 1984 in Jordan, is that a defendant can't get an extended sentence on a lesser offense. It's as simple as that. The only exception to that rule, which does not apply here, cannot apply here, is that where the state complies with the pleading requirements of 111-3C5, then the court has the discretion in sentencing to impose an extended sentence on a lesser. We are not challenging the indictment as defective. We are not even challenging the Class X sentence, which was an extended sentence. We are only challenging just the five years extended portion of that. And the Class X extended sentence was authorized because of the prior conviction? Exactly, Your Honor. It was, and there's no problem there. The state argues in its brief that the prior conviction served as a basis to extend on the lesser sentence as well, and that's just not true. There's only one exception to the rule that defendants can't get an extended sentence on a lesser offense, and that is the exception carved out in Coleman about 20 years ago, where the conduct was unrelated. But it's clear under both 5-8-2 and 111-3 that that is a factual question that is subject to the so-called apprentice statute. And what you're saying is it's not an attack on the indictment, and what you're saying is that because they didn't put it in the indictment, didn't plead it, and then didn't have any evidence to support it, that it's just not allowed to use it for the extended sentencing. Exactly. Actually, if it might be helpful, I'll go back to the extended sentencing statute itself, which was in effect here. At the very end of subsection 8, it says, if the pretrial and trial proceedings were conducted in compliance with subsection C5 of section 111-3, the judge may sentence an offender. If the proceedings were done in compliance with that part of the Code of Criminal Procedure, then the court is allowed the discretion to impose an extended sentence. But where the state does not plead and prove that fact that the conduct was unrelated, then the court has no discretion to impose an extended sentence on a lesser. The prior convictions are a basis and were a basis here to impose an extended 30 to 60 range on the X, the home invasion, but not on the class 1. So like I said, the basic rule is that it's going to can't get an extended sentence on a lesser offense, and the state does not dispute the fact that it didn't plead and prove unrelated conduct. And for that reason, as I just set out that statutory language, 111-3C also uses this language that makes clear the court has no discretion. I'm going to paraphrase here. Where a fact other than a prior conviction is used to extend the maximum range, here it's 4 to 15 years, that's a class 1, that fact must be included in the charging instrument or otherwise provided to the defendant. Failure to do so is a bar to increasing. The statute denies the court the discretion to extend a sentence on a lesser. The issue is as simple as that. You want to make it as simple as that, but I'm still having trouble with the fact you are attacking the charging instrument, which is the indictment, and you're doing it for the first time on appeal. Again, I'm not challenging the charging instrument. Well, you're saying that the indictment did not contain necessary language under 111-3C5, right? Right. Isn't that correct? Yes and no. If an indictment is defective, it can affect whether the defendant can be convicted at all. I'm not challenging the fact that Mr. Woods was found guilty, especially in the PC context now. I mean, he was aware of the charges he was facing and the factual allegations supporting the charges to prepare a defense, wasn't he, sufficiently? Prepare a defense, but this issue concerned a sentencing issue. So, sure, and the conduct is unrelated here. If anything, the fact that the state in one charging instrument, if Your Honor, there was actually, if I remember correctly, an information and then about a week later a true bill and an indictment. If anything, the fact that the state brought these charges together suggests that the state thought that the conduct was not unrelated. So, if anything, when it came time to sentencing, the court says, you know what, I'm going to find that the conduct here was unrelated and imposed an extended term. The defendant, there was no notice problem for purposes of preparing a defense, but at sentencing, the court said no authority to do that. See if I can put it this way. For a defendant to get an extended sentence on a lesser by statute, the state has to comply with 111-3C5. If the state does not do so, and here the state is not disputing that it didn't do so, the circuit court is simply barred from imposing an extended sentence on the lesser. 5-82 references 5.532, which includes prior convictions, but the language in that statute has been for 30 years limited to the greater class of offense. So, even if he got four or five class X charges, he could get extended sentences, hypothetically speaking, under Jordan and Coleman and Bell on the Xs, but not on a one or a two or a three and not one. The appropriate relief under Thompson is to vacate the extended part of the sentence. The authorized range here was four to 15 years. He got a 20-year sentence, and so we're asking, consistent with the Supreme Court's decision in Thompson, to vacate the extra five years of that sentence. The court has the authority to do so under Rule 615. You know, on one argument, you're arguing that you claim in the post-conviction petition that the trial counsel and the appellate counsel were ineffective for failing to challenge the propriety of the extended term sentences, right? Yes. Okay, but you did not argue in the petition that you're arguing now on the appeal that the ineffectiveness stemmed from failing to make the argument that his extended term sentence on the aggravated robbery was void because it was based on the fact that it was neither pled or proof. That wasn't said below, was it? Sorry, Your Honor, can I just make sure I'm on the same page? You're asking whether the petition included a claim of ineffective assistance? No, it included a claim of ineffective assistance, yes, but did it raise the exact argument you're making here for the first time on appeal? And no, no. So the issue 3 in the briefs is unreasonable assistance of post-conviction counsel for failing to frame the issue the way that I did in the briefs here. So the claim sort of vaguely sets out this claim of ineffective assistance for failing to object at trial to the imposition of an extended sentence, and then again, ineffective assistance of appellate counsel for failing to raise this issue. But we are saying— But, I mean, in the post-conviction petition, an argument you're making now was not made in the PC. It was couched in an effectiveness claim. But it wasn't based on the argument you're making now about the void. Yes, but that's too true and unrelated. It's well established for 20 years, again, that under our Supreme Court's position, and as recently this year, and I can't remember, February or March, our Supreme Court decided Bailey, the revestment case, and in reasoning, the court had occasion to revisit the void sentence doctrine and in strong language said, that's good law. That law isn't going anywhere. At any point in the proceedings, this could be a third successive petition that the court denied him leave to file, and I am counsel on appeal from the court's decision to deny leave, and I can raise this issue. What you're hanging your hand on there is that it has to be void. It is void. And I should say, the position the state takes totally depends on this being a legal question for the court sentencing. The state has no authority to support that. It's not in statutes and it's not in Supreme Court case law. If there are no further questions, I'm going to... And your last argument is that the post-conviction counsel was ineffective for not raising the way you raise it now. Well, he's not ineffective, he's unreasonable. Unreasonable assistance for not raising what you're raising now for the first time on appeal. Yeah, unreasonable for not framing it in the way that I framed it on appeal. I think the state fairly points out that as goes issue one, so goes issues two and three. Those are really alternative arguments, saying that at the trial level, at the direct appeal level, and then again on PC, this argument should have been made. And counsel's failure to do so was either ineffective under Strickland or unreasonable under the Post-Conviction Hearing Act. Thank you. Thank you, Mr. Estella. Mr. Genetovic? Good afternoon. Good afternoon. May it please the court and counsel. In addressing this, if the court can bear with me just briefly, I want to take and do a little kind of a historical thing, somewhat semi-historical leading up to this. Because I think that part of the problem with the argument by Petitioner is we lift out and focus on one thing. And that's the language in 111.3.C.5. Okay? We'll take a look at this. And I kind of really do like, by the way, I do like counsel's argument in his reply brief. He talks about the statute of 58-2 being the gatekeeping statute. And I don't want to get distracted about whether or not it's a question of law or a question of fact, okay? Because, frankly, in looking at his gatekeeping argument, it really doesn't make any difference in this case. And I'll get to that and I'll explain why. The gatekeeping statute provides, this is 730 ILCS 5-582A, a judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Article 4.5 of Chapter 5 for an offense or offenses within the class of the most serious offense of which the offender was convicted. And I like to focus on this language that's now coming up. Unless the factors in aggravation set forth in Section 5-53.2 or Clause A of 1B of Section 581 were found to be present. So we're talking about increasing a sentence. We're talking about factors that increase a sentence. What factors increase a defendant's sentence? Is it the fact that he is found eligible as is determined from Bell that he is eligible for an increased term on a less serious offense? Because under Coleman, Coleman basically says, by this statute, this gatekeeping statute, the only offense for which you can give an extended term sentence on is the greater offense. A home invasion is the greater offense. So unless, and under Bell, the court says, oh, wait a second, under Bell, if the offenses are unrelated, then even though the offense is lesser than another offense that has been charged of which is convicted, he can still get an extended term on that lesser offense if they're unrelated. So it then goes on to say here in the gatekeeping statute, if the pretrial and trial proceedings were conducted in compliance with subsection C-5 of Section 111-3 of the Code of Criminal Procedure, the judge may sentence an offender to an extended term as provided. Okay, that's our gatekeeping statute. So we know, number one, you can only give an extended term on the greater offense on the statute. But under Bell, it's interpreted you can get it on a lesser offense if it's unrelated. But what factors increase that sentence? The factors that increase it are those set forth in 5-5-3.2. Those are the extended term sentencing factors. Those are the factors that increase the sentence. Bell, before I get to that, 5-1-11-3 provides C-5, notwithstanding any other provision of law, in all cases in which the imposition of death penalty is not a possibility, if an alleged fact, parens, other than a fact of a prior conviction, close parens, is not an element of an offense, but is thought to be used to increase the range of penalties for the offense beyond the statutory maximum that should be otherwise imposed on the offense. The fact must be included in the charging instrument or otherwise provided to the defendant through a written notification before trial, submitted to a trial as an aggravating factor, and proved beyond a reasonable doubt, i.e., a pen. So in all of this now, we have Coleman that comes out, then we have Bell that comes up. And Bell basically says, like I've already articulated, the fact that you can have an extended term on a lesser offense so long as it's not included. So now we have this determination whether or not a lesser offense is included or is part of the same transaction as the greater. In deciding that or in setting forth the rule on how you decide this, the Supreme Court in Bell said, and I quote, we hold that in determining whether a defendant's multiple offenses are part of an unrelated course of conduct for the purposes of his eligibility for an extended term. Not whether he can be sentenced to an extended term, but whether he is eligible for consideration for an extended term doesn't mean he's going to necessarily be sentenced for that. Under Section 582, courts must consider whether there was a substantial change in the nature of the defendant's criminal objective. The Supreme Court in Bell was placing it in the hands of the trial judge to make that determination. That is not a factual determination that is used to increase the sentence. We still have to have one of the factors, the aggravated factors in 5-53.2, in order to actually extend the sentence. In this case, that factor was what? This prior conviction. Under the gatekeeping statute, it then applies to 111-3C5. That factor is excluded from having to be pleaded and proved. This is all centered around, of course, as we all know, a premed. So under the facts of this case, and under the statutory scheme that we have, what the trial judge did followed the statutory scheme. He was, in fact, authorized. The sentence is not void, and therefore the dismissal of the PC was proper. And I point to the fact also in the defendant's reply brief, besides a couple of cases, and one of them, which is Oregon v. Ice, the United States Supreme Court case, this dealt with consecutive sentencing. But in this, in Oregon v. Ice, the trial judge basically could consider certain facts, make certain factual determinations as to whether or not we should or should impose a consecutive sentence as opposed to concurrent. The majority of the United States Supreme Court said that even though he is making a factual determination, that is not part and parcel of what a premed was all about. And as a result, those kinds of determinations, facts determinations, can be made by the trial judge without offending the Sixth Amendment. And I know counsel is trying to divorce his case from the Sixth Amendment, from Apprendi, just trying to take and say, hey, this is just 111-3C5. And it says it's a fact. And because of the fact that he claims we have a factual question here concerning eligibility, that therefore everything then falls like a house of cards with respect to the sentence that was imposed. That's not the case. You have to look at the entire scheme, not just one sentence out of one statutory provision. So under the facts that we have in this case, this defendant was promptly sentenced to an extended term on a less serious offense because the trial judge made the finding he was eligible for an extended term because the less serious offense was unrelated. And therefore, because of the fact that the factor that was indeed used to increase his sentence was the prior conviction, that does not conclude and prove basically under 5-111-3C5. So we therefore ask the court to affirm the sentence as imposed, as well as to affirm the dismissal at the second stage of this PC. If there are any questions, I'll be more than happy to try to respond. My only question regarding it is at what point are you able to contest or what do you have to do to contest a court's finding of unrelated conduct or ruling? At what point? At what point in the proceeding? Contest the fact of being unrelated. That would have to come up on direct appeal because it would be on the record because the trial judge has got to make that finding. So it would have to be, that normally, that would be something that would normally be raised on direct appeal. And so if, I mean, so it's not improper here to raise it as ineffective if you believe that that finding wasn't? Well, the whole thing is, normally an issue like this would be raised to be raised on direct appeal. The manner that it was raised, i.e. as a void judgment, it's difficult from my perspective to make any kind of an argument about waiver or forfeiture or anything like that because of the general rule of law, that something that is void, something that a trial judge does not have the authority to do, is an issue that can be raised at any time. And so that being the case, it kind of sort of ties, in a sense I say my hands, it ties my hands as to what I really think I can legitimately argue to this court. I'm not going to take and make a forfeiture argument and say, well, he should have raised it on direct appeal and therefore, you know, it's out of the question because I still have to address, well, if it is indeed void, if it was something that the trial judge was not authorized to do, then I've got a problem. And at the trial court level, you know, when the judge pronounces this, as soon as, you know, after the PSI, at sentencing, you know, all this is going on, is it something that you can tell, you know, we're going to have an evidentiary hearing, how is this determined or, you know, does the judge say at the outset of the case, you know, if you're found guilty of this, I'm going to, you know, make consideration, you know, is it something in the admonishments, you know, you could be found guilty and, you know, because I'm just wondering how you at the trial level say, judge, you can't do that. That would have to come at sentencing. And it's based on what the facts are, et cetera, and the defendant could contest something. I think to a large extent, and I couldn't miss really what you're trying to ask me, but to a large extent, I would think that if the statutory scheme were such as what has been argued here, I think that is something that an individual would take and say, your honor, you know, this is something you can't do. Or if you're talking about the factual element about it, that would be something, again, that would be raised because the state would take and say, your honor, based on Coleman and Bell, we are asking for an extended term on a less serious offense because they're unrelated. And then based on the evidence that you have already induced at trial is the evidence that you then take and use to determine whether or not offense A and offense B are unrelated or not. And if you take, for example, in this case, you have the aggravated robbery and you have the home invasion. Well, the home invasion happened hours after the aggravated robbery did. Separate offense, unrelated in terms of what's going on. So you make that determination. And if the defendant objected, the defendant could take and argue to the trial court after the state makes their suggestions to the court about sentencing. Defense counsel say, we think it's totally unrelated. Or we think it is related. And try to make your case as to why you think the two cases are related such that he shouldn't get an extended on a less serious offense. And then all that is of record, and then that goes up on appeal. What has been raised here, I think, is really more of a legal challenge to what the trial judge did. Claiming that what he did was void, if you will, because he didn't have the authority because the claim has been made that this particular determination that the trial judge made had to be made by the jury. And we don't think that that is necessarily the case based on Bell, based on Oregon v. Eisen, just based on reading the statute, what the statutes require, and what they look for, and what factor actually increased this man's sentence. And that was his prior conviction. Anything else? Anyone happy other than that? Thank you, Your Honor, for your time. I appreciate it. Thank you, Mr. Coninovic. Mr. Izvela, any rebuttal? Yes, Your Honor. I have three points I'd like to make in rebuttal. But before I do, if it pleases the Court, I'd like to try to answer your question the best I can through a couple hypotheticals. First hypothetical is a different case, not the case we have presented here, which is the circuit court comes time for sentencing. Mr. Woods was found guilty. It's time for sentencing. Denied the post-trial motion. And the court, you're the circuit court, and you turn to the extended term of sentencing statute, and you read, if the pretrial proceedings were done in accordance with 111-35, I can, I may, sentence an offender to an extended term. So you look back and say whether notice was given by the state and whether it was proved beyond a reasonable doubt at trial. If so, you now have the discretion to impose an extended sentence on the lesser term. That's hypothetical one. Hypothetical two is the case above. The state did not comply with 111-3 and did not prove beyond a reasonable doubt at trial. And so the court just simply has no discretion to do so. There are plenty of different situations where the circuit court does or does not have the discretion to do so. So counsel is wrong when he says it's just a matter of argument and resolving the sentencing. It's a question of whether the circuit court is allowed discretion by the statutory scheme of imposing extended sentence. That's my best understanding of the law, Your Honor. The first point I'd like to make in rebuttal is counsel began by offering his understanding of Section 5-82. We don't have to wonder about what that statute means. The Supreme Court exactly 30 years ago told us what it means, and it means a defendant cannot get an extended term on a lesser offense. Simple as that. The second point I'd like to make is he talked about Bell, but he overlooked one thing. Counsel overlooked one thing. The defendant in Bell was taken to trial before Apprendi. He was taken to trial in 1998. And as counsel noted just now at argument and in the briefs, 111-3 was enacted in response to Apprendi. So the issue presented here at bar could not and was not presented in Bell, and Bell provides no guidance as to whether this is a factual or legal question. All Bell said was this is the test. And the reason in the block language that counsel quoted in his brief and just now at argument, says courts, is because at the time there was no 111-3, there was no Apprendi, and because the Supreme Court was borrowing the test from consecutive sentencing law, where it was and still is proper for the court to extend sentences, or I'm sorry, run sentences consecutively at sentencing. So the state's position totally depends on that few words in Bell, but the state forgets that Bell, the defendant in Bell, went to trial before 111-3 was on the books. And so the hypotheticals that I just gave Justice O'Brien are not even cognizable because there was no 582 that existed. It's actually no 111-3. And the third point, the last point I'd like to make is that Oregon against ICE is a Sixth Amendment case about consecutive sentencing. But since Bell, we know that the tests for consecutive sentencing and for extended terms are pretty much the same. They both deal with whether, as a factual matter, conduct was related or not. And the question of whether conduct was unrelated is characterized by the U.S. Supreme Court in Oregon against ICE as a factual one. And I should note it is also characterized as such by our Supreme Court in Harris, which was decided subsequent to Bell. If there are no other questions, I also sit down and thank the court. Thank you. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court now stands adjourned until January. All rise. This court is now adjourned.